IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEGUNDO PABLO LOJA CHOGLLO,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,<br><br>　　　　　　Respondents. | 7:26CV5003<br><br><br>ORDER SETTING DEADLINE FOR AMENDMENT OF PETITION FOR WRIT OF HABEAS CORPUS TO NAME PROPER CUSTODIAN |

　　　　In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Segundo Pablo Loja Chogllo alleges that he is a citizen of Ecuador and a resident of Minneapolis, Minnesota, that he has lived in the United States since February 2016, that he is applying for a U-Visa, and that he has a work permit. Filing 1 at 4 (¶¶ 12–14). He alleges that he was arrested and detained as part of "Operation Metro Surge" on December 12, 2025. Filing 1 at 5 (¶¶ 17–19). In his Petition, originally filed in the District of Minnesota on February 5, 2026, he seeks a writ of habeas corpus and declaratory and injunctive relief to require U.S. Immigration and Customs Enforcement (ICE) to release him from ICE detention, or in the alternative to enjoin Petitioner's transfer to a facility outside of Minnesota, and to provide a bond hearing pending the completion of any immigration proceedings. Filing 1 at 1 (¶ 1).

　　　　Loja Chogllo's Petition indicated that his location at the time of filing was unknown. Filing 1 a 3 (¶ 7). In a text order filed February 9, 2026, a District Judge of the District of Minnesota granted Loja Chogllo's Motion for Order to Show Cause "insofar as the whereabouts of petitioner

1

must be immediately disclosed." Filing 7. The judge ordered counsel for the Federal Respondents to promptly provide petitioner's location information on the date and time that the Petition was filed. Filing 7. That same day, counsel for the Federal Respondents filed a "status update" stating that Loja Chogllo was then detained at the McCook Detention Center in McCook, Nebraska. Filing 8. The Federal Respondents also filed a motion to transfer this case to this District pursuant to 28 U.S.C. § 1406(a), because the District of Minnesota was an improper venue. Filing 9. On February 10, 2026, the District Court for the District of Minnesota granted the Federal Respondents' Motion and transferred this case to this District. Filing 12.

The Court's review of the filings in this matter has raised significant doubt that the Court has subject-matter jurisdiction. "[A] federal court always has jurisdiction to determine its own jurisdiction." *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (quoting *United States v. Harcevic*, 999 F.3d 1172, 1178 (8th Cir. 2021), in turn quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)).

Understandably, Loja Chogllo's counsel did not name Loja Chogllo's physical custodian at the time the Petition was filed because counsel did not then know where Loja Chogllo was held. Nevertheless, the United States Supreme Court has explained,

> District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). We have interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden [v. 30th Judicial Circuit Court of Ky.]*, 410 U.S. [484,] 495, 93 S.Ct. 1123 [(1973)].

*Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The Supreme Court then concluded, "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions

2

challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Indeed, not only is the district of confinement the only district in which jurisdiction will lie, but there is only one proper respondent:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. Ibid.

*Padilla*, 542 U.S. at 434–35. There are circumstances in which "legal control" rather than "immediate" (*i.e.*, physical) custody may suffice. *Id.* at 438 ("Under *Braden*, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"). Those circumstances do not exist here because Loja Chogllo challenges his present physical confinement. *See id.* ("But nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement.").

Loja Chogllo has named only federal officials as respondents in this case, although he is now believed to be in physical custody in the McCook County Detention Center. Filing 1 at 4–5 (¶¶ 14–15). Thus, it appears that a critical requirement for core habeas relief in this case is missing from his Petition. However, rather than dismiss the Petition for failure to establish this Court's subject-matter jurisdiction, *see Hilger*, 87 F.4th at 899 ("The plaintiff bears the burden of establishing subject matter jurisdiction."), the Court concludes that the interest of justice and the expedited disposition of § 2241 habeas petitions contemplated by § 2243 are best served by

allowing Loja Chogllo the opportunity to amend his Petition to attempt to establish this Court's subject-matter jurisdiction by naming a proper physical custodian.

Accordingly,

IT IS ORDERED that Petitioner Loja Chogllo shall have to and including Monday, February 16, 2026, to do the following:

1. to file an Amended Petition for Writ of Habeas Corpus identifying a proper physical custodian as a respondent, and

2. to file proof of service upon that proper physical custodian.

Upon the filing of such proof of service, the Court will set deadlines pursuant to 28 U.S.C. § 2243 for all Respondents to file a return certifying the true cause of Loja Chogllo's detention and why his Petition should not be granted, a deadline for any reply by Loja Chogllo, and set a hearing on the Amended Petition.

Dated this 11th day of February, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge